IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA CREARY, on behalf of herself and those similarly situated,<br>958 Swedesboro Road<br>Monroeville, NJ 08343<br><br>and<br><br>FRANK RUBLE, on behalf of himself and those similarly situated,<br>6 Birch Court<br>Turnersville, NJ 08012<br><br>    Plaintiffs,<br><br>  v.<br><br>CORE CARE TECHNOLOGIES, INC.<br>136 Hurffville-Crosskeys Road<br>Sewell, NJ 08080<br><br>and<br><br>JOHN DOES 1-10<br><br>    Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW JERSEY AND HOUR LAW AND WAGE PAYMENT LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jessica Creary ("Named Plaintiff Creary") and Frank Ruble ("Named Plaintiff Ruble") (collectively, hereinafter referred to as "Named Plaintiff"), individually, and on behalf of themselves and those similarly situated (hereinafter referred to as "Collective Plaintiffs"), hereby complain as follows against Defendant Core Care Technologies, Inc., and Defendants John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.   Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law, and

1

the New Jersey Wage Payment Law (these New Jersey laws will be collectively referred to as "New Jersey Wage Laws"). Defendants intentionally failed to properly pay Named Plaintiffs and Collective Plaintiffs overtime compensation earned while in their employ. As a result of Defendants' unlawful actions, Named Plaintiffs and those similarly situated have suffered harm.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff Jessica Creary is an adult individual with an address as set forth above.

8. Named Plaintiff Frank Ruble is an adult individual with an address as set forth above.

9. Defendant Core Care Technologies, Inc. is a business entity with an address as set forth above.

10. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Named Plaintiffs and Collective Plaintiffs proper compensation pursuant to the FLSA and the New Jersey Wage Laws.

11. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Collective Plaintiffs.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants who were hourly employees, who were subject to Defendants' unlawful pay practices and policies discussed herein, and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

14. Named Plaintiffs and Collective Plaintiffs have been and are subject to the same unlawful wage policies and practices of Defendants discussed herein.

15. Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

16. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. There are numerous similarly situated current and former employees of Defendants who Defendants failed to pay an overtime premium for hours worked in excess of forty (40) per workweek, all of whom would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

19. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated (*i.e.*, "Collective Plaintiffs"), pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

20. The foregoing paragraphs are incorporated herein as if set forth in full.

21. Named Plaintiff Creary was an administrative assistant for Defendants within the last three years.

22. Named Plaintiff Ruble was a technician for Defendants within the last three years.

23. Each paycheck issued to Named Plaintiffs provides that they were hourly employees and were paid an hourly wage.

24. Collective Plaintiffs were/are hourly employees of Defendants, who within the last three years were employed by Defendants.

25. Upon information and belief, each paycheck issued to Collective Plaintiffs provides that they were hourly employees and were paid an hourly wage.

26. Defendants did not designate Named Plaintiffs as exempt employees under federal or state law.

27. Upon information and belief, Defendants did not designate Collective Plaintiffs as exempt employees under federal or state law.

28. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years and have enforced such unlawful policies uniformly against Named Plaintiffs and Collective Plaintiffs.

## **UNLAWFUL FAILURE TO PAY OVERTIME PREMIUM**

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. During at least one workweek in the three year period preceding the filing of this lawsuit, Named Plaintiffs worked in excess of forty (40) hours for Defendants.

31. Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Collective Plaintiffs worked in excess of forty (40) hours for Defendants.

32. During at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Named Plaintiffs at the rate of time-and-one-half their regular rate of pay for each hour that Named Plaintiffs worked in excess of forty in a workweek.

33. Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Collective Plaintiffs at the

rate of time-and-one-half their regular rate of pay for each hour that they worked in excess of forty in a workweek.

34. At all times relevant to this action, Defendants paid Named Plaintiffs on an hourly basis.

35. Upon information and belief, at all times relevant to this action, Defendants paid Collective Plaintiffs on an hourly basis.

36. At all times relevant to this action, Defendants paid Named Plaintiffs straight time for all hours worked, even those in excess of 40 in a workweek.

37. Upon information and belief, at all times relevant to this action, Defendants paid Collective Plaintiffs straight time for all hours worked, even those in excess of 40 in a workweek.

38. Defendants' decision to pay Named Plaintiffs and Collective Plaintiffs only straight time for the hours they worked in excess of 40 in a workweek caused Defendant not to pay Named Plaintiffs and Collective Plaintiffs time and one-half their regular rate of pay for said hours worked in excess of 40 in a workweek.

39. The following sampling of Named Plaintiff Creary's paychecks demonstrates that Defendant did not pay Named Plaintiff Creary an overtime premium for the hours worked in excess of 40 in a workweek:

    a. For the pay period beginning September 1, 2015 and ending September 15, 2015, Named Plaintiff Creary worked 95.75 hours at a flat hourly rate of $15.00 and earned $1,436.25; Defendants did not pay Named Plaintiff Creary an overtime premium for hours worked in excess of 40 in said workweeks.

    b. For the pay period beginning August 16, 2015 and ending August 31, 2015, Named Plaintiff Creary worked 115.25 hours at a flat hourly rate of $15.00 and

earned $1,743.75; Defendants did not pay Named Plaintiff Creary an overtime premium for hours worked in excess of 40 in said workweeks.

c. For the pay period beginning August 1, 2015 and ending August 15, 2015, Named Plaintiff Creary worked 101 hours at a flat hourly rate of $15.00 and earned $1,515.00; Defendants did not pay Named Plaintiff Creary an overtime premium for hours worked in excess of 40 in said workweeks.

d. For the pay period July 16, 2015 and ending July 31, 2015, Named Plaintiff Creary worked 120 hours at a flat hourly rate of $15.00 and earned $1,800.00; Defendants did not pay Named Plaintiff Creary an overtime premium for hours worked in excess of 40 in said workweeks.

40. The following sampling of Named Plaintiff Ruble's paychecks demonstrates that Defendant did not pay Named Plaintiff Ruble an overtime premium for the hours worked in excess of 40 in a workweek:

a. For the pay period beginning September 1, 2015 and ending September 15, 2015, Named Plaintiff Ruble worked 90.5 hours at a flat hourly rate of $18.00 and earned $1,629.00; Defendants did not pay Named Plaintiff Ruble an overtime premium for hours worked in excess of 40 in said workweeks.

b. For the pay period beginning July 16, 2015 and ending July 31, 2015, Named Plaintiff Ruble worked 101 hours at a flat hourly rate of $18.00 and earned $1,818.00; Defendants did not pay Named Plaintiff Ruble an overtime premium for hours worked in excess of 40 in said workweeks.

c. For the pay period beginning July 1, 2015 and ending July 15, 2015, Named Plaintiff Ruble worked 91.5 hours at a flat hourly rate of $18.00 and earned

$1,647.00; Defendants did not pay Named Plaintiff Ruble an overtime premium for hours worked in excess of 40 in said workweeks.

   d. For the pay period beginning March 16, 2015 and ending March 31, 2015, Named Plaintiff worked 98.25 hours at a flat hourly rate of $18.00 and earned $1,670.25; Defendants did not pay Named Plaintiff Ruble an overtime premium for hours worked in excess of 40 in said workweeks.

41. Upon information and belief, Defendants implemented the same scheme to avoid paying proper overtime with respect to the Collective Plaintiffs.

42. At all times relevant hereto, Defendants supplied training, supplies, and uniforms to Named Plaintiffs and Collective Plaintiffs.

43. At all times relevant hereto, Defendants scheduled Named Plaintiffs' and Collective Plaintiffs' work schedules.

44. At no time did Named Plaintiffs have the responsibility to hire or fire employees of Defendants.

45. At no time did Collective Plaintiffs have the responsibility to hire or fire employees of Defendants.

46. At no time did Named Plaintiffs exercise discretion and independent judgment over non-manual work involving matters of significance for Defendants.

47. At no time did Collective Plaintiffs exercise discretion and independent judgment over non-manual matters involving matters of significance for Defendants.

48. At all times relevant to this action, Named Plaintiffs did not perform any meaningful or typical managerial and/or supervisory duties for Defendants.

49. At no time did Collective Plaintiffs perform any meaningful or typical managerial and/or supervisory duties for Defendants.

50. At no time did Defendants designate Named Plaintiffs as exempt employees under the FLSA or New Jersey Wage Laws.

51. At no time did Defendants designate Collective Plaintiffs as exempt employees under the FLSA or New Jersey Wage Laws.

52. As a result of Defendants' aforesaid conduct, Named Plaintiffs have suffered damages.

53. As a result of Defendants' aforesaid conduct, Collective Plaintiffs have suffered damages.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

56. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

57. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

58. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

59. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiffs and Collective Plaintiffs proper overtime compensation for hours worked in excess of forty (40) per workweek.

60. Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

61. As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### New Jersey Wage Laws
### (Failure to pay Overtime Compensation)
### (Named Plaintiffs v. Defendants)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage Laws.

64. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs.

65. At all times relevant herein, Named Plaintiffs were employed by Defendants as a "non-exempt employee" within the meaning of the New Jersey Wage Laws.

66. Under the New Jersey Wage Laws, an employer must pay a non-exempt employee at least one and one half times his or his regular rate for each hour worked in excess of forty (40) hours per workweek.

67. Defendants' violations of the New Jersey Wage Laws include, but are not limited to, not paying Named Plaintiffs proper overtime compensation for time worked in excess of forty (40) hours per workweek.

68. Defendants' conduct in failing to pay Named Plaintiffs properly was willful and not based upon any reasonable interpretation of the law.

69. As a result of Defendants' unlawful conduct, Named Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Collective Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to compensate, reimburse, and make Named Plaintiffs and Collective Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions.

(2) Named Plaintiffs and Collective Plaintiffs are to be awarded liquidated damages pursuant to the FLSA and the New Jersey Wage Laws;

(3) Named Plaintiffs and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(4) Named Plaintiffs and Collective Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*Daniel A. Horowitz*
Daniel A. Horowitz, Esq.
**SWARTZ SWIDLER, LLC**
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 30, 2016